TOWNSEND AND TOWNSEND AND CREW LLP
MARC M. GORELNIK (State Bar No. 166833)
JENNIFER D. ARKOWITZ (State Bar No. 223755)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: mmgorelnik@townsend.com
       jdarkowitz@townsend.com

Attorneys for Plaintiff
CHIMNEY SWEEPING LOG, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIMNEY SWEEPING LOG, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MEECO MANUFACTURING CO., INC., a Washington corporation, and COEUR D'ALENE FIBER FUELS, INC., an Idaho corporation, doing business as ATLAS<br><br>Defendants. | Case No. C 07 5671 WHA<br><br>**COMPLAINT FOR FEDERAL UNFAIR COMPETITION, CALIFORNIA UNFAIR COMPETITION, AND COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chimney Sweeping Log, LLC alleges, upon personal knowledge as to its conduct and upon information and belief as to all other matters, as follows:

## THE PARTIES

1. Plaintiff Chimney Sweeping Log, LLC ("CSL") is a limited liability company duly organized and existing under the laws of the State of Nevada, and has a corporate address at Hughes Center, 3763 Howard Hughes Parkway, Las Vegas, Nevada 89109.

2. Defendant Meeco Manufacturing Co., Inc. ("Meeco") is a Washington corporation with a principal place of business at 12 South Idaho Street, Seattle, Washington 98134.

3. Defendant Coeur d'Alene Fiber Fuels, Inc., is an Idaho corporation, doing business as Atlas ("Atlas") with a principal place of business at 16620 W. Prairie Avenue, Hauser, Idaho 83854.

4. CSL alleges that Meeco and Atlas have acted and continue to act in concert and contribute to the wrongful acts of one another and are referred to collectively throughout this Complaint as "Meeco."

## JURISDICTION AND VENUE

5. This is a civil action arising under the unfair competition laws of the United States, Title 15, United States Code, §§ 1051 et seq. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

6. Personal jurisdiction over Meeco is vested in the United States District Court for the Northern District of California since Meeco has knowingly and purposefully directed its false advertising claims to this forum, distributed and sold products bearing the false claims in this forum, and has actively solicited business in this forum.

7. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Meeco has knowingly and purposefully directed its wrongful acts to this District, has distributed and sold products bearing false claims in this District, and has actively solicited business in this District.

8. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(d).

///

**INTRA-DISTRICT ASSIGNMENT**

9. Pursuant to Local Court Rule 3-2(d), assignment to the San Francisco/Oakland Division is proper because a substantial part of the events giving rise to the claims alleged herein occurred in Contra Costa County.

**PLAINTIFF'S VALUABLE MARKS AND TRADE DRESS**

10. CSL manufactures and sells chemically treated firelogs that aid in the eradication of creosote in chimneys, which are sold under the CSL, CREOSOTE SWEEPING LOG and SWEEPING LOG trademarks (hereafter the "Firelogs").

11. Since September 2000, the Firelogs have been advertised and promoted under the mark the CHIMNEY SWEEPING LOG mark in extensive television advertising campaigns. Since July 2003, the Firelogs have also been promoted under the SWEEPING LOG mark.

12. Firelogs were and continue to be available for purchase through a network of retailers throughout the United States.

13. The front panel of the product packaging for the CSL's Firelog is shown below.



14. CSL's trade dress consists, in part, of the trademark "CREOSOTE SWEEPING LOG" in large letters in a stylized typeface that are presented predominately in drop out white type on a brightly colored background (hereafter "CSL's Trade Dress"). CSL's trademark dominates the front panel of the product packaging.

15. By virtue of continuous and substantial use of CSL's Marks and CSL's Trade Dress, and further, by virtue of extensive advertising of the Firelogs and prominent visibility of Firelogs in retailers across the country, CSL's Marks and CSL's Trade Dress have become strong and distinctive

1  identifiers of CSL's goods.

2  16.  Because of the consistent quality of excellence of CSL's goods, CSL has established substantial good will and a premier reputation with respect to Firelogs.

### MEECO MISLEADS THE PUBLIC

17.  Meeco manufactures, distributes, and sells a log product that allegedly aids in the removal of creosote from chimneys. Meeco's product claims (the "False Claims") include:

   a.  that the product is a "Creosote Destroying Firelog;"
   b.  that the product "contains special chemicals that will destroy built-up creosote;"
   c.  that the product "contains special chemicals that will ... help[ ] prevent creosote build-up;"
   d.  that the product with "regular use ... will destroy built-up creosote;"
   d.  that the product with "regular use ... help[s] prevent further creosote build-up;"
   e.  that the product is a "preventative maintenance product;" and
   f.  use of the "EASY SWEEP" label.

18.  The False Claims are material statements or representations of fact.

19.  Meeco's False Claims are misrepresent the nature and qualities of Meeco's product, thereby deceiving all those who read the statements.

20.  Meeco offers the goods bearing the False Claims in interstate commerce.

21.  Meeco offers its product in competition with CSL. Meeco's promotion, distribution, and sales of its "Creosote Destroying Firelog" and other goods under the "EASY SWEEP" banner has caused, is causing, and will continue to cause injury to CSL in the marketplace.

22.  Meeco's use of the False Claims misrepresents the nature and qualities of Meeco's goods to the public, which has and continues to be irreparably damaged by such statements.

23.  Unless enjoined, Meeco's disregard of CSL's rights will result in irreparable harm to CSL.

24.  Unless enjoined, Meeco's disregard of the public interest will result in irreparable harm to the public.

///

///

## FIRST CAUSE OF ACTION

### Federal False Advertising – 15 U.S.C. § 1125(a)

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 24.

26. Meeco has used and continues to use false or misleading representations of facts in interstate commerce in commercial advertising or promotion of Meeco's goods that misrepresents the nature and qualities of Meeco's goods.

27. The public and CSL has been or is likely to be damaged by such false misrepresentations in violation of 15 U.S.C. § 1125(a)(1).

28. As a result of Meeco's unfair competition, CSL and the public have suffered and will continue to suffer irreparable harm unless Meeco ceases promotion and sale of Meeco's goods.

29. CSL has no adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

30. Meeco's conduct complained of herein is malicious, fraudulent, knowing, willful, and deliberate entitling CSL to an accounting of Meeco's profits, increased damages, and attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### Unfair Competition Under California Business & Professions Code § 17200 *et seq.*

31. Plaintiff incorporates by reference the allegations in paragraphs 1 through 30.

32. Meeco's conduct alleged herein constitutes unfair competition and unfair business practices in violation of the Section 17200 *et seq.* of the California Business & Professions Code, prohibiting unfair, unlawful and deceptive business acts.

33. Meeco's business practices alleged above are unfair and offend public policy as they are unlawful, unfair, unscrupulous, and substantially injurious to CSL and consumers.

34. By reason of Meeco's unfair, unlawful, and deceptive business practices, Meeco has been enriched at the expense of CSL and the public generally and should be forced to disgorge its ill-gotten gains.

35. Without preliminary and permanent injunctive relief, Plaintiff has no means by which

1  to control Meeco's deceptive and false advertising and confusing use and of CSL's Mark. Plaintiff is
2  therefore entitled to injunctive relief prohibiting Meeco from continuing such acts of unfair
3  competition pursuant to Cal. Bus. & Prof. Code § 17203.

### THIRD CAUSE OF ACTION

**Unfair Competition Under California Common Law**

36. Plaintiff incorporates by reference the allegations in paragraphs 1 through 35.

37. Meeco's conduct alleged herein constitutes unfair competition and unfair business practices under California common law.

38. Plaintiff is entitled to monetary damages and injunctive relief prohibiting Meeco from unfairly competing with CSL.

39. Meeco's conduct alleged herein has damaged CSL in an amount to be ascertained at trial, and will, unless preliminarily and permanently restrained and enjoined, further impair if not destroy, the value of CSL's Marks, and CSL's business reputation and goodwill, and CSL will have no adequate remedy at law.

40. Without preliminary and permanent injunctive relief, CSL has no means by which to control the continuing injury to its reputation and goodwill. CSL has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate CSL if they lose the ability to control the use of CSL's Marks, reputation, and goodwill through Meeco's false advertising and unauthorized use of the CSL's Marks.

41. Because Meeco's actions have been committed willfully, maliciously and intentionally intent, CSL is entitled to recover Meeco's profits together with CSL's damages, trebled, costs of the action, and reasonable attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and seeks relief against Meeco as follows:

(a) For judgment that Meeco has engaged in unfair competition, including false or misleading advertising;

(b) For preliminary and permanent injunctions enjoining the aforesaid wrongful acts by Meeco, and those persons acting in concert with Meeco, including related individuals and entities,

1 customers, representatives, dealers, distributors, pursuant to 15 U.S.C. § 1125(a) and Cal. Bus. & Prof. Code §17203;

    (c) During the pendency of this action, Meeco shall be prohibited from selling or distributing all products bearing any of the False Claims;

    (d) During the pendency of this action, all products bearing the False Claims shall be impounded and that all such products shall be destroyed upon the entry of final judgment pursuant to 15 U.S.C. § 1118;

    (e) For all actual damages sustained by CSL as the result of Meeco's acts of unfair competition, together with prejudgment interest, according to proof, pursuant to 15 U.S.C. § 1117;

    (f) For an accounting of the profits of Meeco resulting from its wrongful acts pursuant to 15 U.S.C. § 1117;

    (g) For restitution of any profits which may have been acquired by means of Meeco's unfair competition pursuant to Cal. Bus. & Prof. Code §17203;

    (h) For enhanced damages and statutory damages pursuant to 15 U.S.C. § 1117;

    (i) For an award of attorneys' fees pursuant to 15 U.S.C. § 1117 or as otherwise permitted by law;

    (j) For CSL's costs of suit, including its reasonable litigation expenses, pursuant to 15 U.S.C. § 1117; and

    (k) For such other and further relief as the Court may deem just and proper.

DATED: November 7, 2007        TOWNSEND and TOWNSEND and CREW LLP

By: _____
Marc M. Gorelnik
Jennifer D. Arkowitz

*Attorneys for Plaintiff*
Chimney Sweeping Log, LLC

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to General Order 48, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Pursuant to General Order 48, the undersigned certifies that as of this date there is no such interest to report.

DATED: November 7, 2007                    TOWNSEND and TOWNSEND and CREW LLP

By: _____
Marc M. Gorelnik
Jennifer D. Arkowitz

*Attorneys for Plaintiff*
Chimney Sweeping Log, LLC

## JURY DEMAND

Plaintiff requests a jury trial on all issues.

DATED: November 7, 2007

TOWNSEND and TOWNSEND and CREW LLP

By: _____
Marc M. Gorelnik
Jennifer D. Arkowitz

*Attorneys for Plaintiff*
Chimney Sweeping Log, LLC

61176325 v1

*Chimney Sweeping Log, LLC v. Meeco Manufacturing Co., Inc. and Coeur d' Alene Fiber Fuels, Inc. dba Atlas*
COMPLAINT FOR FEDERAL UNFAIR COMPETITION, FEDERAL TRADE DRESS AND TRADEMARK
INFRINGEMENT, CALIFORNIA UNFAIR COMPETITION, AND COMMON LAW UNFAIR COMPETITION

-9-