JAMES PARTON III (State Bar No. #77698)
FRANCIS D. CONWAY (State Bar No. #186207)
AMELIA D. YAROS (State Bar No. #221290)
MICHAEL D. MCCONATHY (State Bar No. #202982)
LYNCH, GILARDI & GRUMMER
A Professional Corporation
475 Sansome Street, Suite 1800
San Francisco, CA  94111
Telephone:     (415) 397-2800
Facsimile:     (415) 397-0937
E-mail: jparton@lgglaw.com
        fconway@lgglaw.com
        ayaros@lgglaw.com
        mmconathy@lgglaw.com

Attorneys for Defendant
MEECO MANUFACTURING CO., INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIMNEY SWEEPING LOG, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MEECO MANUFACTURING CO., INC. and COEUR D'ALENE FIBER FUELS, INC. d/b/a/ ATLAS,<br><br>    Defendants. | Case No.   C-07-5671 WHA<br><br>**DEFENDANT MEECO MANUFACTURING CO., INC.'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER AND AFFIRMATIVE DEFENSES TO ALLEGATIONS OF CSL

MEECO Manufacturing Co., Inc. (hereinafter "MEECO"), a defendant in this action, hereby responds to Plaintiff CHIMNEY SWEEPING LOG, LLC (hereinafter "CSL")'s Complaint, and alleges as follows:

1.     MEECO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and so denies the same.

2. MEECO admits the allegations in paragraph 2.

3. MEECO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and so denies the same.

*4.* MEECO denies the allegations in paragraph 4. MEECO takes exception to the complaint's use of the term "Meeco" to denote the two defendants collectively. To be clear, MEECO is responding to the complaint solely on its own behalf and based on its own knowledge, information, and belief. References to "MEECO" in this document relate to MEECO Manufacturing Co., Inc. only.

5. MEECO admits that this action arises in part under the unfair competition laws of the United States, 15 U.S.C. §§1051 et seq., and denies the remaining allegations in paragraph 5.

6. MEECO denies the allegations in paragraph 6.

7. MEECO denies the allegations in paragraph 7.

8. MEECO denies the allegations in paragraph 8.

9. MEECO denies the allegations in paragraph 9.

10. MEECO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and so denies the same.

11. MEECO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and so denies the same.

12. MEECO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and so denies the same.

13. MEECO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and so denies the same.

14. MEECO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and so denies the same.

15. MEECO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and so denies the same.

16. MEECO denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and so denies the same.

17. MEECO admits that it distributes and sells a log product, which is manufactured for MEECO under contract by third parties and packaged by MEECO. MEECO admits that the selectively quoted language appears in literature for its log product, but denies that the allegations in paragraph 17 depict accurately or fully its "product claims." MEECO denies any remaining allegations in paragraph 17.

18. MEECO denies the allegations in paragraph 18.

19. MEECO denies the allegations in paragraph 19.

20. MEECO denies the allegations in paragraph 20.

21. MEECO denies the allegations in paragraph 21.

22. MEECO denies the allegations in paragraph 22.

23. MEECO denies the allegations in paragraph 23.

24. MEECO denies the allegations in paragraph 24.

## ANSWERING THE FIRST CAUSE OF ACTION

25. MEECO realleges and incorporates by reference its foregoing answers to paragraphs 1 through 24.

26. MEECO denies the allegations in paragraph 26.

27. MEECO denies the allegations in paragraph 27.

28. MEECO denies the allegations in paragraph 28.

29. MEECO denies the allegations in paragraph 29.

30. MEECO denies the allegations in paragraph 30.

## ANSWERING THE SECOND CAUSE OF ACTION

31. MEECO realleges and incorporates by reference its foregoing answers to paragraphs 1 through 30.

32. MEECO denies the allegations in paragraph 32.

33. MEECO denies the allegations in paragraph 33.

34. MEECO denies the allegations in paragraph 34.

35. MEECO denies the allegations in paragraph 35.

## ANSWERING THE THIRD CAUSE OF ACTION

36. MEECO realleges and incorporates by reference its foregoing answers to paragraphs 1 through 35.

37. MEECO denies the allegations in paragraph 37.

38. MEECO denies the allegations in paragraph 38.

39. MEECO denies the allegations in paragraph 39.

40. MEECO denies the allegations in paragraph 40.

41. MEECO denies the allegations in paragraph 41.

42. The remainder of CSL's complaint constitutes the prayer for relief. To the extent that any answer to that portion of the complaint may be required, MEECO denies those allegations.

## AFFIRMATIVE DEFENSES

43. As separate affirmative defenses to Complaint, on the grounds that such defenses are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant further alleges as follows:

44. As and for a First Affirmative Defense, this answering defendant is informed and believes and thereon alleges that the Complaint fails to state a cause of action upon which relief can be granted.

45. As and for a Second Affirmative Defense, this answering defendant is informed and believes and thereon alleges that the Complaint, and each purported claim therein, is barred by the doctrine of unclean hands and plaintiff's own wrongful conduct.

46. As and for a Third Affirmative Defense, this answering defendant is informed and believes and thereon alleges that the claims set forth in the Complaint are barred by the doctrines of waiver, estoppel, and laches.

47. As and for a Fourth Affirmative Defense, this answering defendant is informed and believes and thereon alleges that plaintiff's alleged "CSL's Marks" are merely descriptive terms that are not inherently distinctive and have not acquired trademark distinctiveness, or they are unprotected common or generic names and terms, which cannot acquire trademark distinctiveness.

48. As and for a Fifth Affirmative Defense, this answering defendant is informed and believes and thereon alleges that plaintiff's alleged "CSL's Trade Dress" and "CSL's Marks" is comprised merely of functional elements common to the fireplace log industry which have not acquired secondary meaning.

49. As and for a Sixth Affirmative Defense, this answering defendant is informed and believes and thereon alleges that there is no cause for injunctive relief because there is no likelihood of future injury to CSL, and CSL has an adequate legal remedy, if any, for the alleged wrongs.

50. As and for a Seventh Affirmative Defense, this answering defendant is informed and believes and thereon alleges that the alleged "false claims" regarding its products' benefits are statements of opinion.

51. As and for an Eighth Affirmative Defense this answering defendant is informed and believes and thereon alleges that CSL has not been harmed by MEECO's alleged conduct and that CSL is therefore not entitled to any disgorgement of profits or gains.

52. As and for a Ninth Affirmative Defense this answering defendant is informed and believes and thereon alleges that any alleged improper use of CSL's marks was to describe MEECO's product fairly and/or truthfully, and therefore constitutes fair, innocent, and non-willful use.

53. As and for a Tenth Affirmative Defense, this answering defendant is informed and believes and thereon alleges that plaintiff has not registered its allegedly protected marks in the State of California such that it cannot prevail on its California common law claim for unfair competition.

54. As and for an Eleventh Affirmative Defense, this answering defendant is informed and believes and thereon alleges that plaintiff's attempt to restrain defendant from using generic,

functional terms to describe its product is an impermissible attempt by plaintiff to restrain defendant's free trade under The Sherman Anti-Trust Act (15 U.S.C. §1 *et seq*.).

55.   As and for a Twelfth Affirmative Defense, this answering defendant is informed and believes and thereon alleges that plaintiff lacks standing to pursue the claims alleged in the complaint and enforce the alleged marks.

56.   As and for a Thirteenth Affirmative Defense, this answering defendant is informed and believes and thereon alleges that plaintiff has not registered its marks in California or taken other protective actions regarding its allegedly protected marks in California such that plaintiff cannot recover on its claim for common law unfair competition.

57.   As and for a Fourteenth Affirmative Defense, this answering defendant is informed and believes and thereon alleges that any damage that CSL or the public has suffered or is likely to suffer is the proximate result of CSL's conduct and/or the conduct of third parties.

58.   As and for a Fifteenth Affirmative Defense, this answering defendant is informed and believes and thereon alleges that an indispensable party which is not subject to the personal jurisdiction of this court has not been joined in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for the following relief:

1.   That plaintiff take nothing, and that plaintiff's Complaint be dismissed with prejudice;

2.   That plaintiff's request for damages and other relief be denied in full;

3.   That Defendant be awarded its attorneys' fees, costs, and expenses in this action, pursuant to applicable law; and

4.   For all such other relief as this Court may determine necessary and proper.

## JURY DEMAND

MEECO demands jury trial of all issues triable of right by a jury.

DATED: February 6, 2008

LYNCH, GILARDI & GRUMMER
A Professional Corporation


By:   /s/ Michael D. McConathy
     James Parton III
     Francis D. Conway
     Amelia D. Yaros
     Michael D. McConathy

*Attorneys for Defendant*
MEECO MANUFACTURING CO., INC.

\\Sfdata\Conversion\0010-0191\P\172449.doc