TOWNSEND AND TOWNSEND AND CREW LLP
MARC M. GORELNIK (State Bar No. 166833)
LAURIE H. VAN LÖBEN SELS (State Bar No. 184860)
JENNIFER D. ARKOWITZ (State Bar No. 223755)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email:  mmgorelnik@townsend.com
        lhvanlobensels@townsend.com
        jdarkowitz@townsend.com

Attorneys for Plaintiff
CHIMNEY SWEEPING LOG, LLC


LYNCH, GILARDI & GRUMMER PC
JAMES PARTON III (State Bar No. 77698)
FRANCIS D. CONWAY (State Bar No. 186207)
AMELIA D. YAROS (State Bar No. 221290)
MICHAEL D. MCCONATHY (State Bar No. 202982)
475 Sansome Street, #1800
San Francisco, California  94111
Telephone:  (415) 397-2800
Facsimile:  (415) 397-0937
Email: jparton@lgglaw.com
       fconway@lgglaw.com

Attorneys for Defendant
MEECO MANUFACTURING CO., INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIMNEY SWEEPING LOG, LLC,<br><br>            Plaintiff,<br><br>        v.<br><br>MEECO MANUFACTURING CO., INC. and COEUR D'ALENE FIBER FUELS, INC. d/b/a ATLAS,<br><br>            Defendants. | Case No.    C-07-5671 WHA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

Plaintiff Chimney Sweeping Log, LLC ("CSL") and Defendant Meeco Manufacturing Co., Inc. ("Meeco") jointly submit this Case Management Statement.

1. **Jurisdiction and Service**:

This is a civil action arising under the unfair competition laws of the United States, Title 15, United States Code, §§ 1051 *et seq*. This court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. No issue exists regarding venue.

    a.    Defendant Coeur D'Alene Fiber Fuels (d/b/a Atlas)

        (1)    Plaintiff CSL's Statement: Defendant Coeur D'Alene Fiber Fuels, Inc. d/b/a Atlas ("Atlas") has not yet been served with a copy of the SUMMONS and COMPLAINT. CSL and Atlas are in the final stages of negotiating a Settlement Agreement under which Atlas would be dismissed from the COMPLAINT. If settlement is not reached between CSL and Atlas, CSL will serve Atlas with a copy of the SUMMONS and COMPLAINT prior to the Case Management Conference. This Court would have personal jurisdiction over Atlas, as CSL was able to purchase in Northern California products sold by Atlas.

        (2)    Defendant Meeco's Statement: Atlas manufactures the firelog product for Meeco and also distributes product under Atlas's own name and brand. CSL named Atlas in the complaint and should properly join Atlas, notwithstanding that settlement negotiations may be in progress. Atlas may be a necessary or indispensable party under Fed. R. Civ. P. 19(a) and 19(b), based on the allegations made and the relief requested in CSL's complaint. The uncertainty of whether Atlas will remain in the case or be dismissed hinders the purposes of this joint statement (such as scheduling) and prejudices Meeco's ability to decide about pleading amendments (see paragraph 5.b below)

2. **Facts**:

    a.    Plaintiff CSL's Separate Factual Statement

CSL is the assignee of U.S. Patent No. 5,882,365, an invention designed to aid in the eradication of creosote in chimneys. Defendant Meeco may wish to characterize this as an "alleged" fact, there is no genuine basis to do so as the records of the United States Patent Office are quite clear on the subject. CSL offers a fire log product practicing the patent that is designed to aid in the eradication of creosote in chimneys, which it sells under the CSL, "CREOSOTE SWEEPING LOG," and "SWEEPING LOG" trademarks.

*Chimney Sweeping Log, LLC v. Meeco Manufacturing Co., Inc. and Coeur d'Alene Fiber Fuels, Inc. d/b/a Atlas*
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C-07-5671 WHA

-2-

1    While the performance of the CSL product is not before the Court, Meeco has expended
2    considerable effort to bring collateral and irrelevant issues into the Joint Case Management Statement,
3    all of which Meeco raised late on the afternoon of February 14, 2008.  This prevented a meaningful
4    meet and confer to narrow the issues for the statement. Accordingly, Meeco's self-serving, 11th-hour,
5    and unhelpful assertions are reproduced without comment or edit by CSL, which does not credit their
6    fairness or accuracy.  CSL does wish to point out, however, that Meeco never tested the efficacy of its
7    product before offering it to the public.

8    b.    Defendant Meeco's Separate Factual Statement:

9    Meeco is informed and believes that another company (Securaflame) actually invented the fire
10   log product at issue in this case and that Joseph Enterprises, Inc. has exclusive rights to sell the subject
11   fire log.  Meeco claims that the mark "CREOSOTE SWEEPING LOG" was approved for registration
12   on January 5, 2008. Its application states that first use date was June 1, 2005 and first use in commerce
13   date was September 1, 2005.  The application disclaims exclusive right to use "CREOSOTE" and
14   "LOG" apart from the mark and disclaims any particular font, style, size or color.  CSL's fire log
15   product is secured by U.S. Patent No. 5,882,365.  CSL has enforced its rights in the marketplace.
16   *See* CSL v. Imperial, Case No. C 03-05566 CRB (N.D. Cal.).

17   CSL makes the following statements in connection with its product:  "[f]or fireplaces,
18   woodstoves & inserts," "helps prevent chimney fires," "greatly reduce[es] the risk of a chimney fire,"
19   "[r]educes and treats dangerous creosote in your chimney," "[r]educes new creosote build-up, making
20   your next fire safer," and the "Chimney Sweeping Log does not take the place of inspection and
21   professional cleaning."

22   In or about 2003, Meeco brought to market a fire log product, which CSL claims is a
23   competing product, under the "CREOSOTE DESTROYING FIRELOG" name and the "EASY
24   SWEEP" trademark. "EASY SWEEP" and the "EASY SWEEP" logo are registered trademarks of
25   Meeco.  Meeco's firelog is Patent Pending, Application No. 20040168366. Atlas manufactures this
26   product under license from Meeco and also markets the same product under its own brand, again
27   under license from Meeco.

28   CSL contends that Meeco makes the following statements in connection with its product:  it is

1  a "Creosote Destroying Firelog;" the product "contains special chemicals that will destroy built-up
2  creosote;" the product contains special chemicals that will . . . help[] prevent creosote build-up;" the
3  product with "regular use . . . will destroy "built-up creosote;" the product with "regular use . . .
4  help[s] prevent further creosote build-up." Meeco makes the following additional statements in
5  connection with its product: that it "contains no wax," the product is "made from 100% all natural
6  wood," the product is "safe for all wood burning appliances," "EASY SWEEP firelogs do not take the
7  place of regular inspections and professional cleanings, they are a preventative maintenance product,"
8  "[t]he effectiveness of the EASY SWEEP firelogs is dependent upon the type of appliance being used,
9  the type of wood being burned, the dryness of the wood and the type of fire being maintained," "safe
10 to burn in either a woodstove, a fireplace or a fireplace insert," and the product "will not void the
11 warranty of your appliance."
12         CSL claims that, sometime after it learned about Meeco's fire log product, it obtained a sample
13 of the product and subjected it to scientific testing. CSL asserts that its tests demonstrate that Meeco's
14 fire log product does not meet the product performance standards that Meeco claims in its
15 advertisements and product descriptions. CSL is informed and believes that Meeco never undertook
16 any compliance testing. Following CSL's resolution of the litigation with Imperial, CSL turned its
17 attention to Meeco. CSL claims that Meeco could not provide evidence of the validity of its fire log
18 product performance claims, and therefore CSL initiated this suit on November 7, 2007. Before suit
19 was filed, Meeco had requested, but CSL refused to provide, a copy of CSL's test results. Meeco is
20 informed and believes that the CSL testing showed that the Meeco Creosote Destroying Firelog
21 performed as claimed. CSL denies that the CSL testing made such a finding. Meeco is also informed
22 and believes that CSL's firelog does not meet the performance standards that CSL claims in its
23 advertisements and product descriptions.
24         Counsel for Meeco requested that service of the Summons and Complaint be delayed pending
25 Meeco's completion of its own product testing. That testing included testing of Meeco Creosote
26 Destroying Firelogs, CSL Creosote Sweeping Logs. However, due to unanticipated problems outside
27 its control, Meeco did not meet its anticipated testing schedule, and CSL served Meeco with copies of
28 the Summons and Complaint on January 20, 2008. Meeco understands that the independent laboratory

it retained to perform the testing has recently completed the testing and is in the process of preparing a report.

3. **Legal Issues**: The disputed points of law include:

   a. Whether Meeco's product performance claims were used in interstate commerce to misrepresent the nature, characteristics or qualities of its fire log products, constituting false advertising and unfair competition in violation of 15 U.S.C. § 1125(a) of the Lanham Act;

   b. Whether Meeco's product performance claims constitute false advertising and unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq. and unfair competition under California common law;

   c. Whether CSL's claim is barred by the doctrine of unclean hands and its own wrongful conduct;

   d. Whether CSL's claim is barred by the doctrines of waiver, estoppel, and laches;

   e. Whether "CSL's Marks" are merely descriptive terms that are not inherently distinctive and have not acquired trademark distinctiveness, or they are unprotected common or generic names and terms, which cannot acquire trademark distinctiveness;

   f. Whether "CSL's Trade Dress" and "CSL's Marks" is comprised merely of functional elements common to the fireplace log industry which have not acquired secondary meaning;   g. Whether there is a likelihood of future injury to CSL and/or whether it has an adequate legal remedy that would make injunctive relief inappropriate;

   h. Whether the "false claims" alleged by CSL regarding Meeco's products' benefits are statements of opinion;

   i. Whether CSL has suffered any actual injury from Meeco's alleged conduct, thereby precluding recovery of any disgorgement of profits or gains;

   j. Whether any alleged improper use of CSL's marks was to describe Meeco's product fairly and/or truthfully, and therefore constitutes fair, innocent, and non-willful use;

   k. Whether registration in the State of California by CSL of its allegedly protected marks is required for CSL to prevail on its common law claim for unfair competition;

l. Whether CSL is attempting to restrain Meeco from using generic, functional terms to describe its

product, such that its CSL's conduct constitutes an impermissible attempt to restrain Meeco's free trade under The Sherman Anti-Trust Act (15 U.S.C. §1 et seq.);

  m. Whether CSL lacks standing to pursue the claims alleged in the complaint and enforce the alleged marks;

  n. Whether the conduct of CSL and/or a third party(s) is the proximate cause of any damages allegedly suffered by CSL; and

  o. Whether Coeur D'Alene Fiber Fuels, Inc. d/b/a Atlas and/or Joseph Enterprises, Inc. are necessary and indispensable parties not presently subject to the personal jurisdiction of this Court.

 4. **Motions**: There are no prior or pending motions. CSL does not anticipate any future motions. Depending upon the results of recently completed testing, Meeco may file a motion for summary judgment.

 5. **Amendment of Pleadings**:

  a. <u>Plaintiff CSL's Statement</u>: At this time, CSL does not intend to amend the pleadings.

  b. <u>Defendant Meeco's Statement</u>: Upon receipt of report of results of recently completed testing, Meeco may seek to amend its answer and may assert a counter-claim against CSL alleging false advertising and unfair competition in violation of 15 U.S.C. § 1125(a) of the Lanham Act and in violation of California Business & Professions Code §§17200 *et. seq.* and unfair competition under California common law. Also depending on the results of its testing, Meeco may assert a cross-claim against defendant Coeur D'Alene Fiber Fuels, Inc. d/b/a Atlas for breach of contract.

 6. **Evidence Preservation**:

  a. <u>Plaintiff CSL's Statement</u>: The only evidence CSL has relates to its scientific testing of Meeco's fire log products, which it has and will continue to preserve.

  b. <u>Defendant Meeco's Statement</u>: Meeco is preserving potential evidence in its possession, custody or control.

7. **Disclosures**:

    a.  <u>Plaintiff CSL's Statement</u>: CSL has served its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), and will produce relevant documents after the parties enter into a Stipulated Protective Order. Each party has agreed to allow the other to amend its Initial Disclosures within two weeks of service thereof.

    b.  <u>Defendant Meeco's Statement</u>: CSL failed to serve its timely initial disclosures in accordance with Fed.R. Civ. Proc., rule 26(f). Meeco did timely serve its initial in accordance with Fed.R. Civ. Proc., rule 26(f). Prior to the due date for initial disclosures, CSL and Meeco, by and through their respective counsel, agreed to permit each other to amend their initial disclosures within two weeks of service thereof. That stipulation was based upon both parties timely serving initial disclosures. Meeco does not waive its objection to CSL's failure to timely comply with the requirements of Fed.R. Civ. Proc., rule 26(f).

8. **Discovery**: To date, the parties have not taken any discovery. The parties have stipulated to the following limitations and modifications of the discovery rules: (a) each party may take five depositions (exclusive of experts); and (b) each party may serve 35 interrogatories. The parties have agreed that there shall be no limits on the number of requests for production of documents or requests for admissions allowed under the discovery rules.

9. **Class Actions**: This case is not a class action.

10. **Related Cases**: There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. **Relief**:

    a.  <u>Plaintiff CSL's Statement</u>: CSL is seeking an injunction barring the sale of any products by Meeco bearing false advertising claims and recovery of CSL's lost profits according to proof of CSL's lost sales at trial.

    b.  <u>Defendant Meeco's Statement</u>: If liability is established, Meeco agrees that lost sales, if any, as a result of actual consumer deception is the correct legal standard for measuring damages or entitlement to injunctive relief, and that CSL bears the burden of proving a causal link between the alleged false advertising and its lost sales, subject to Court's discretion to reduce such

recovery to an amount that is just, according to the circumstances of this case.

12. **Settlement and ADR**:  The parties have agreed to undertake, and have had before filing and before service of the complaint, informal settlement discussions, but nevertheless desire an early settlement conference before a Magistrate Judge in order to optimize the opportunity for early settlement of this case.  A NOTICE OF NEED FOR ADR PHONE CONFERENCE, requesting an early settlement conference before a Magistrate Judge, was filed with the Court on February 8, 2008.

13. **Consent to Magistrate Judge for All Purposes**:  CSL does not consent to assignment to a Magistrate Judge for all purposes.  Meeco does consent to assignment to a Magistrate Judge for all purposes.

14. **Other References**:  The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**:  The parties do not expect that there will be any need or attempt to further narrow the issues by agreement or motion, to expedite the presentation of evidence at trial, or to bifurcate issues, claims or defenses.

16. **Expedited Schedule**:  The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. **Scheduling**:  The parties each propose a schedule for the designation of experts, discovery cut-off, hearing of dispositive motions, pretrial conference and trial, as indicated below.

    a.    Plaintiff CSL's Proposed Schedule:

| | |
|---|---|
| Discovery cut-off (except experts): | June 19, 2008 |
| Deadline to designate experts and exchange initial reports: | July 17, 2008 |
| Deadline to exchange experts' rebuttal reports: | July 31, 2008 |
| Expert Discovery cut-off: | August 28, 2008 |
| Last hearing date for dispositive motions: | October 16, 2008 |
| Pretrial Conference: | December 4, 2008 |
| Trial: | Early January, 2009 |

/ / /

      b.    <u>Defendant Meeco's Proposed Schedule</u>:

| | |
|---|---|
| Discovery cut-off (except experts): | July 17, 2008 |
| Deadline to designate experts and exchange initial reports: | August 14, 2008 |
| Deadline to exchange experts' rebuttal reports: | August 28, 2008 |
| Expert Discovery cut-off: | September 25, 2008 |
| Last hearing date for dispositive motions: | November 13, 2008 |
| Pretrial Conference: | January 8, 2009 |
| Trial: | Early February, 2009 |

18.    **Trial**:  CSL has requested a jury trial on all issues.  The parties expect that the trial on CSL's claims will last four (4) court days.

19.    **Disclosure of Non-Party Interested Entities or Persons**:  CSL filed a CERTIFICATION OF INTERESTED ENTITIES OR PERSONS on November 7, 2007, along with its COMPLAINT.  In that Certification, CSL stated that no non-party persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  Meeco filed its CERTIFICATION OF INTERESTED ENTITIES OR PERSONS along with its ANSWER on February 6, 2008 in which Meeco stated Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/ / /

/ / /

/ / /

/ / /

20. **Other Matters**: The parties intend to enter into a mutually-acceptable Stipulated Protective Order modeled after the protective order form provided on the website for the Northern District Court.

DATED: February 14, 2008            TOWNSEND and TOWNSEND and CREW LLP

By: /Marc M. Gorelnik/
_____
Marc M. Gorelnik
Laurie H. van Löben Sels
Jennifer D. Arkowitz

*Attorneys for Plaintiff*
Chimney Sweeping Log, LLC

DATED: February 14, 2008            LYNCH, GILARDI & GRUMMER PC

By: /Frank D. Conway/
_____
James Parton II
Frank D. Conway
Amelia D. Yaros
Michael D. McConathy

*Attorneys for Defendant*
Meeco Manufacturing Co., Inc.

61285957 v1