TOWNSEND AND TOWNSEND AND CREW LLP
MARC M. GORELNIK (State Bar No. 166833)
LAURIE H. VAN LÖBEN SELS (State Bar No. 184860)
JENNIFER D. ARKOWITZ (State Bar No. 223755)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email:  mmgorelnik@townsend.com
    lhvanlobensels@townsend.com
    jdarkowitz@townsend.com

Attorneys for Plaintiff
CHIMNEY SWEEPING LOG, LLC


LYNCH, GILARDI & GRUMMER PC
JAMES PARTON III (State Bar No. 77698)
FRANCIS D. CONWAY (State Bar No. 186207)
AMELIA D. YAROS (State Bar No. 221290)
MICHAEL D. MCCONATHY (State Bar No. 202982)
475 Sansome Street, #1800
San Francisco, California 94111
Telephone:  (415) 397-2800
Facsimile:  (415) 397-0937
Email: jparton@lgglaw.com
    fconway@lgglaw.com
    ayaros@lgglaw.com
    mmcconathy@lgglaw.com


Attorneys for Defendant
MEECO MANUFACTURING CO., INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIMNEY SWEEPING LOG, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MEECO MANUFACTURING CO., INC. and COEUR D'ALENE FIBER FUELS, INC. d/b/a ATLAS,<br><br>Defendants. | Case No.   C-07-5671 WHA<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT** |

*Chimney Sweeping Log, LLC v. Meeco Manufacturing Co., Inc. and Coeur d'Alene Fiber Fuels, Inc. d/b/a Atlas*
AMENDED JOINT CASE MANAGEMENT STATEMENT
Case No. C-07-5671 WHA

-1-

Plaintiff Chimney Sweeping Log, LLC ("CSL") and Defendant Meeco Manufacturing Co., Inc. ("Meeco") jointly submit this *Amended* Joint Case Management Statement. This statement supersedes and replaces the joint statement filed by the parties on February 14, 2008.

1. **Jurisdiction and Service**:

This is a civil action arising under the unfair competition laws of the United States, Title 15, United States Code, §§ 1051 et seq. This court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. No issue exists regarding venue.

CSL initially also named Coeur D'Alene Fiber Fuels, Inc. d/b/a Atlas ("Atlas") as a defendant in the COMPLAINT, but has not served Atlas with the SUMMONS and COMPLAINT. CSL and Atlas have negotiated a Settlement Agreement under which Atlas would be dismissed from the action. CSL expects to file a notice of dismissal in accordance with Fed. R. Civ. P. 41(a) as to Atlas before the Case Management Conference.

2. **Facts**:

   a. Plaintiff CSL's Statement

CSL is the assignee of U.S. Patent No. 5,882,365, an invention designed to aid in the eradication of creosote in chimneys. CSL offers a fire log product practicing the patent that is designed to aid in the eradication of creosote in chimneys, which it sells under the CSL, "CREOSOTE SWEEPING LOG," and "SWEEPING LOG" trademarks. CSL has enforced its rights in the marketplace. *See* CSL v. Imperial, Case No. C 03-05566 CRB (N.D. Cal.). Meeco brought a competing fire log product to market on or about 2003, making the following claims about its product: it is a "Creosote Destroying Fire log;" the product "contains special chemicals that will destroy built-up creosote;" the product "contains special chemicals that will ... help[] prevent creosote build-up;" the product with "regular use ... will destroy built-up creosote;" the product with "regular use ... help[s] prevent further creosote build-up;" and the product is a "preventative maintenance product." Meeco also uses the "EASY SWEEP" label for its fire log product.

Sometime after CSL learned about Meeco's fire log product, it obtained a sample of the product and subjected it to scientific testing. CSL asserts that its tests demonstrate that Meeco's fire log product does not meet the product performance standards that Meeco claims in its advertisements

and product descriptions. CSL is informed and believes that Meeco never undertook any compliance testing. Following CSL's resolution of the litigation with Imperial, CSL turned its attention to Meeco. Meeco subsequently could not provide evidence of the validity of its fire log product performance claims, and CSL initiated this suit on November 7, 2007.

Counsel for Meeco requested that service of the SUMMONS and COMPLAINT be delayed pending Meeco's completion of its own product testing. However, Meeco did not meet its anticipated testing schedule, and CSL served Meeco with copies of the SUMMONS and COMPLAINT on January 17, 2008.

b.  <u>Defendant Meeco's Separate Factual Statement</u>:

Meeco brought a fire log product to market in or about 2003, which it markets under the "EASY SWEEP" and "CREOSOTE DESTROYING FIRELOGS" names and trademarks. MEECO's President, Clark Schaefer, is the inventor of a "[c]reosote and soot destroying fire log" that is the subject of pending United States Patent Application No. 20040168366. Atlas manufactures this product under license from Meeco and has also marketed the same product under its own brand, again under license from Meeco.

CSL makes the following statements in connection with its fire log product: "[f]or fireplaces, woodstoves & inserts," "helps prevent chimney fires," "greatly reduce[es] the risk of a chimney fire," "[r]educes and treats dangerous creosote in your chimney," and "[r]educes new creosote build-up, making your next fire safer."

Meeco is informed and believes that the CSL testing showed that the Meeco Creosote Destroying Firelog performed as claimed. Meeco is also informed and believes that CSL's firelog does not meet the performance standards that CSL claims in its advertisements and product descriptions, which it contends is relevant in light of its affirmative defense of unclean hands.

Meeco's product testing has recently been completed and Meeco is prepared to exchange the report of that testing in return for a reciprocal exchange by CSL of its testing.

*Chimney Sweeping Log, LLC v. Meeco Manufacturing Co., Inc. and Coeur d'Alene Fiber Fuels, Inc. d/b/a Atlas*
AMENDED JOINT CASE MANAGEMENT STATEMENT
Case No. C-07-5671 WHA

-3-

c. <u>Factual Issues In Dispute</u>: Unless otherwise indicated, the parties agree that the listed facts are genuinely disputed. If a listed fact is followed by the notation "CSL" or "Meeco," such party disputes whether a genuine, material dispute exists as to such fact:

(1) Whether CSL markets the CSL fire log product as it claims such that CSL's Marks and Trade Dress have become as strong and distinctive as claimed. (CSL)

(2) The accuracy and truth of statements that CSL and/or its licensees make in connection with the CSL fire log product. (CSL)

(3) The accuracy and truth of statements that Meeco makes in connection with its product in addition to those stated in CSL's factual allegations.

(4) Whether CSL testing showed that the Meeco performed as claimed.

(5) Whether CSL's fire log meets the performance standards that CSL claims in its advertisements and product descriptions. (CSL)

(6) The validity of product testing performed by Meeco.

(7) CSL's communications with Meeco prior to the dispute at issue.

3. **Legal Issues**: The disputed points of law include:

a. Whether Meeco's product performance claims were used in interstate commerce to misrepresent the nature, characteristics or qualities of its fire log products, constituting false advertising and unfair competition in violation of 15 U.S.C. § 1125(a) of the Lanham Act;

b. Whether Meeco's product performance claims constitute false advertising and unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq. and unfair competition under California common law;

c. Whether CSL's claim is barred by the doctrine of unclean hands and its own wrongful conduct;

d. Whether CSL's claim is barred by the doctrines of waiver, estoppel, and laches;

e. Whether "CSL's Marks" are merely descriptive terms that are not inherently distinctive and have not acquired trademark distinctiveness, or they are unprotected common or generic names and terms, which cannot acquire trademark distinctiveness;

  f. Whether "CSL's Trade Dress" and "CSL's Marks" is comprised merely of functional elements common to the fireplace log industry which have not acquired secondary meaning;

  g. Whether there is a likelihood of future injury to CSL and/or whether it has an adequate legal remedy that would make injunctive relief inappropriate;

  h. Whether the "false claims" alleged by CSL regarding Meeco's products' benefits are statements of opinion;

  i. Whether CSL has suffered any actual injury from Meeco's alleged conduct, thereby precluding recovery of any disgorgement of profits or gains;

  j. Whether any alleged improper use of CSL's marks was to describe Meeco's product fairly and/or truthfully, and therefore constitutes fair, innocent, and non-willful use;

  k. Whether registration in the State of California by CSL of its allegedly protected marks is required for CSL to prevail on its common law claim for unfair competition;

  l. Whether CSL is attempting to restrain Meeco from using generic, functional terms to describe its product, such that its CSL's conduct constitutes an impermissible attempt to restrain Meeco's free trade under The Sherman Anti-Trust Act (15 U.S.C. §1 et seq.);

  m. Whether CSL lacks standing to pursue the claims alleged in the complaint and enforce the alleged marks;

  n. Whether the conduct of CSL and/or a third party(s) is the proximate cause of any damages allegedly suffered by CSL; and

  o. Whether Coeur D'Alene Fiber Fuels, Inc. d/b/a Atlas and/or Joseph Enterprises, Inc. are necessary and indispensable parties not presently subject to the personal jurisdiction of this Court.

4. **Motions**: There are no prior or pending motions. CSL does not anticipate any future motions. Depending upon the results of recently completed testing, Meeco may file a motion for summary judgment.

5. **Amendment of Pleadings**: At this time, CSL does not intend to amend the pleadings. Meeco may seek to amend its answer and may assert a counter-claim against CSL alleging false

1  advertising and unfair competition in violation of 15 U.S.C. § 1125(a) of the Lanham Act and in
2  violation of California Business & Professions Code §§17200 *et. seq.* and unfair competition under
3  California common law.
4      6.   **Evidence Preservation**:
5          a.   <u>Plaintiff CSL's Statement</u>: The only evidence CSL has relates to its scientific
6  testing of Meeco's fire log products, which it has and will continue to preserve.
7          b.   <u>Defendant Meeco's Statement</u>: Meeco is preserving potential evidence in its
8  possession, custody or control.
9      7.   **Disclosures**: On February 21, 2008, the Court signed an Order Approving Stipulated
10 Protective Order Subject To Stated Conditions.
11         a.   <u>Plaintiff CSL's Statement</u>: CSL has served its Initial Disclosures pursuant to
12 Fed. R. Civ. P. 26(a)(1), and will produce relevant documents shortly under the Stipulated Protective
13 Order. Each party has agreed to allow the other to amend its Initial Disclosures within two weeks of
14 service thereof.
15         b.   <u>Defendant Meeco's Statement</u>: CSL failed to serve its timely initial disclosures
16 in accordance with Fed.R. Civ. Proc., rule 26(f). Meeco did timely serve its initial in accordance with
17 Fed.R. Civ. Proc., rule 26(f). Prior to the due date for initial disclosures, CSL and Meeco, by and
18 through their respective counsel, agreed to permit each other to amend their initial disclosures within
19 two weeks of service thereof. That stipulation was based upon both parties timely serving initial
20 disclosures. Meeco does not waive its objection to CSL's failure to timely comply with the
21 requirements of Fed.R. Civ. Proc., rule 26(f).
22    8.   **Discovery**: To date, the parties have not taken any discovery. The parties stipulate to
23 the following limitations and modifications of the discovery rules: (a) each party may take five
24 depositions (exclusive of experts); and (b) each party may serve 35 interrogatories. The parties have
25 agreed that there shall be no limits on the number of requests for production of documents or requests
26 for admissions allowed under the discovery rules.
27    Meeco believes a settlement of this case can be reached through the ADR process without the
28 expense of discovery, other than exchange of each party's lab reports, including protocols and

supporting data. Meeco therefore requests that the Court stay discovery until the day following the first ADR session. Please see Section 12, *infra*.

9. **Class Actions**: This case is not a class action.

10. **Related Cases**: There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. **Relief**:

   a. <u>Plaintiff CSL's Statement</u>: CSL is seeking an injunction barring the sale of any products by Meeco bearing false advertising claims and recovery of CSL's lost profits according to proof of CSL's lost sales at trial.

   b. <u>Defendant Meeco's Statement</u>: If liability is established, Meeco agrees that lost sales, if any, as a result of actual consumer deception is the correct legal standard for measuring damages or entitlement to injunctive relief, and that CSL bears the burden of proving a causal link between the alleged false advertising and its lost sales, subject to Court's discretion to reduce such recovery to an amount that is just, according to the circumstances of this case.

12. **Settlement and ADR**: The parties have agreed to undertake, and have had before filing and before service of the COMPLAINT, informal settlement discussions. A NOTICE OF NEED FOR ADR PHONE CONFERENCE, requesting an early settlement conference before a Magistrate Judge, was filed with the Court on February 8, 2008.

On February 20, 2008, the parties participated in an ADR Phone Conference with Ms. Robin Siefkin of the Court's ADR Unit. At that time, the parties agreed that court-connected mediation would be their second choice in the event a settlement conference before a Magistrate Judge was not possible. They also agreed to negotiate a list of at least 5 jointly acceptable Neutrals on the Court's ADR list to conduct a mediation and submit same to the ADR Coordinator. The parties will have another teleconference on March 11, 2008 with Ms. Siefkin of the ADR Unit to further discuss the ADR process that she will recommend to the Court for the parties.

13. **Consent to Magistrate Judge for All Purposes**: CSL does not consent to assignment to a Magistrate Judge for all purposes. Meeco does consent to assignment to a Magistrate Judge for all purposes.

14. **Other References**: The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**: The parties do not expect that there will be any need or attempt to further narrow the issues by agreement or motion, to expedite the presentation of evidence at trial, or to bifurcate issues, claims or defenses.

16. **Expedited Schedule**: The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. **Scheduling**: The parties jointly propose the following schedule for the designation of experts, discovery cut-off, hearing of dispositive motions, pretrial conference and trial:

| | |
|---|---|
| Discovery cut-off (except experts): | July 17, 2008 |
| Deadline to designate experts and exchange initial reports: | August 14, 2008 |
| Deadline to exchange experts' rebuttal reports: | August 28, 2008 |
| Expert Discovery cut-off: | September 25, 2008 |
| Last hearing date for dispositive motions: | November 13, 2008 |
| Pretrial Conference: | January 8, 2009 |
| Trial: | Early February, 2009 |

18. **Trial**: CSL has requested a jury trial on all issues. The parties expect that the trial on CSL's claims will last four (4) court days.

19. **Disclosure of Non-Party Interested Entities or Persons**: CSL filed a CERTIFICATION OF INTERESTED ENTITIES OR PERSONS on November 7, 2007, along with its COMPLAINT. In that Certification, CSL stated that no non-party persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding. Meeco filed its CERTIFICATION OF INTERESTED ENTITIES OR PERSONS along with its ANSWER on February 6, 2008 in which Meeco stated "Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

20. **Other Matters**: On February 20, 2008, the Court approved the parties' Stipulated Protective Order via its ORDER APPROVING STIPULATED PROTECTIVE ORDER SUBJECT TO STATED CONDITIONS.

DATED: March 6, 2008                         TOWNSEND and TOWNSEND and CREW LLP

                                             By: _____/s/_____
                                                 Marc M. Gorelnik
                                                 Laurie H. van Löben Sels
                                                 Jennifer D. Arkowitz

                                                 *Attorneys for Plaintiff*
                                                 Chimney Sweeping Log, LLC


DATED: March 6, 2008                         LYNCH, GILARDI & GRUMMER PC

                                             By: _____/s/_____
                                                 James Parton II
                                                 Frank D. Conway
                                                 Amelia D. Yaros
                                                 Michael D. McConathy

                                                 *Attorneys for Defendant*
                                                 Meeco Manufacturing Co., Inc.

61292172 v1